# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUREFIRE, LLC, | CASE NO. 12cv121-JLS (MDD) |
| Plaintiff, | ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE |
| vs. | |
| JETBEAM USA, et al., | [ECF NO. 44] |
| Defendants. | |

## Background

Plaintiff manufactures, markets and sells high end flashlights. (ECF No. 1, ¶ 10). This case is one of five related cases filed by Plaintiff asserting claims of patent infringement, trade dress infringement and unfair competition against various Defendants. (*See* ECF No. 34). The instant case is the lead case of the five and was filed on January 17, 2012. (ECF No. 1). Plaintiff asserts claims of infringement of three patents, trade dress infringement and unfair competition against Defendants in this case. (*Id.*). Defendants filed their Answer on June 29, 2012, and have not asserted any counterclaims. (ECF No. 13). Defendants asserted twelve affirmative defenses including a one sentence claim that Plaintiff's claims are "barred in whole or in party [*sic*] by unclean hands." (*Id.*).

On April 3, 2014, the parties filed a Joint Motion for Determination of Discovery Dispute. (ECF No. 44). The dispute seeks an order compelling production of documents from Plaintiff in response to requests 5 and 6 of Defendants' First Set of Requests for Production. (*Id.*). Plaintiff has refused to produce any documents responsive to these requests asserting that the requests are overbroad, unduly burdensome and do not call for the production of relevant information.

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*. District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id*.

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id*. at 34(b)(2)(B).

## Discussion

The two requests at issue are related allowing the Court to consider them together. Request No. 5 requires Plaintiff to produce "documents and communications concerning Plaintiff's purchase of components that are manufactured outside the USA, for use in any of Plaintiff's flashlight products sold in the USA." (ECF No. 44-1). Request No. 6 requires Plaintiff to produce "documents and communications concerning Plaintiff's flashlight products sold in the USA that are manufactured or assembled outside of the USA." (*Id.*). Plaintiff objected to each request asserting that the request is "overbroad and unduly burdensome . . . [and seeks] documents and communications outside the scope of discovery in this matter." (ECF No. 44-2).

Defendants contend that the requested documents are relevant to damages, counterclaims and affirmative defenses. Specifically, Defendants assert that "the origin of components, manufacture and assembly of Plaintiff's products labeled 'Made in the USA' is relevant to . . . Plaintiff's alleged lost profits [and reasonable royalty]." (ECF No. 44 at 3). Defendants also claim that the information requested bears upon a counterclaim of false advertising and an affirmative defense of unclean hands. (*Id.*). In support of these contentions, Defendants argue that if Plaintiff's products labeled "Made in the USA" actually are made elsewhere, it would impact the demand for Plaintiff's products ultimately affecting profits. Similarly, Defendants argue that any reasonable royalty rate would be impacted by the actual origin of the products. Finally, Defendants argue that if Plaintiff is misrepresenting the origin of its products, such conduct may support a counterclaim of false advertising and that the conduct is inequitable. (*Id.* at 4-7).

In response, Plaintiff asserts first that Defendants have not asserted any counterclaims and that the origin of components and place of manufacture are not relevant to claims of patent infringement. Finally, Plaintiff contends that the mere assertion of an affirmative defense of unclean hands does not entitle Defendants to the discovery it seeks. Plaintiff states that it does not advertise its products as "Made in USA" and Defendants have made no showing to the contrary.

Having reviewed the Complaint, Answer and the documents filed in connection with this Joint Motion, the Court finds that Requests 5 and 6 are overbroad and do not call for the production of information relevant to any claim or defense as required by Rule 26. Defendants have not convinced the Court that the place of origin of any components of Plaintiff's products or where they are manufactured has any bearing on lost profits or reasonable royalties in this case or that such information is reasonably likely to lead to the discovery of admissible evidence. Even if arguably relevant to a counterclaim of false advertising, Defendants have not alleged it. In its motion papers, Defendants neither asserted nor presented any evidence that Plaintiff advertises its products as "Made in USA." Plaintiff, however, specifically disclaims advertising their products in that manner. (ECF No. 44 at 8).

Regarding their affirmative defense of unclean hands, Defendants are correct that the law requires a defendant to "'demonstrate (1) inequitable conduct by the plaintiff; (2) that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and (3) plaintiff's conduct injured the defendant.'" *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1223 (C.D. Cal. 2007) *quoting Survivor Productions LLC v. Fox Broadcasting Co.,*

2001 WL 35829270 at *3 (C.D. Cal. June 12, 2001). Here, the Court finds that the evidence sought by Defendants is not relevant to their asserted defense nor could lead to the discovery of admissible evidence. Even if Plaintiff has components manufactured and products assembled outside of the United States, the Court cannot accept Defendants' theory that such facts, if true, **directly** relates to Plaintiff's claims of patent infringement, trade dress infringement or unfair competition. Similarly, the Court cannot accept Defendants' theory that they would be injured by the alleged misconduct. Finally, Defendants have presented no support for their assertion that Plaintiff claimed their products to be made in the United States. To the contrary, Plaintiff has expressly stated that it does not advertise its products in this manner. (ECF No. 44 at 8). Even if arguably relevant to the affirmative defense of unclean hands, Requests 5 and 6 are not limited in time or to products manufactured incorporating the patents-in-suit. The Requests are overbroad on their face and not enforceable by the Court.

## Conclusion

For the foregoing reasons, Defendants' motion to compel production of documents, as presented in the instant Joint Motion is **DENIED.**

IT IS SO ORDERED.

DATED: April 16, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge